674 S.E.2d 149

**In the Matter of Michael T. JORDAN, Respondent.**

**No. 26614.**

Supreme Court of South Carolina.

Submitted Feb. 6, 2009.

Decided Feb. 9, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction provided for in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent entered into a contract with his friend and business associate, Complainant. In the contract, respondent agreed to purchase a residential lot from Complainant and Complainant agreed to finance the purchase. There was no written contract memorializing the terms of the parties' agreement.

Respondent prepared all of the documents to complete the conveyance of the property, including the deed, the mortgage, and the note. In preparing these documents, respondent was acting in a representative capacity for Complainant.

Complainant knew respondent was an attorney with experience in residential real estate transactions. As a result, she did not consult with or obtain her own counsel for the sale of her property to respondent.

388

Respondent failed to disclose to Complainant that it was a conflict of interest for him to engage in a transaction with a client. He did not obtain Complainant's written waiver of or consent to the conflict and he did not advise Complainant to seek the advice of independent counsel prior to entering into the transaction.

Respondent conducted a closing in which he delivered two checks to Complainant as the agreed-upon down payment. At the closing, respondent instructed Complainant to sign two sets of documents, one naming himself as grantee and one naming his LLC as grantee.

Respondent did not file the deed or the mortgage after the closing. He did not deliver the note to Complainant.

When Complainant attempted to negotiate the down payment checks, they were returned for insufficient funds. At respondent's request, Complainant attempted to negotiate the checks a second time. Again, the checks were returned for insufficient funds.

Two months after the closing, respondent applied for a loan to purchase another residential property. He attempted to use the lot he purchased from Complainant as collateral. The loan officer informed respondent that the deed conveying the lot to him was not recorded. At that time, respondent recorded the deed, but not the mortgage.

Respondent paid Complainant only five of the twelve scheduled payments in the year following the closing. He did not pay the balance in full which was due at the end of the year.

Six months after the balance in full was due, respondent brought his payments current, but did not pay off the balance. Ultimately, Complainant hired a lawyer. Respondent then sold the lot and paid her in full from the proceeds.

Respondent agrees the terms of the transaction with Complainant were not fair and reasonable to Complainant because respondent's personal financial situation rendered him unable to pay as agreed.

## Matter II

On December 21, 2007, respondent signed a plea agreement in which he pled to an information charging him with one

count of wire fraud.[1]  The plea agreement was accepted by the United States District Court on January 22, 2008.  The wire fraud to which respondent pled guilty involved unauthorized transfers of client funds from respondent's trust accounts for respondent's personal benefit from 2003 to 2007.  The total amount of funds respondent fraudulently obtained from his trust accounts was $2,325,404.18.

The unauthorized transfers from respondent's trust accounts resulted in a series of checks being presented on insufficient funds which were reported to the Commission on Lawyer Conduct by respondent's bank as required by Rule 1.15(h), RLDE.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.1 (lawyer shall provide competent representation to a client);  Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client);  Rule 1.7 (lawyer shall not represent client if representation involves a conflict of interest unless specified conditions are met);  Rule 1.8 (lawyer shall not knowingly acquire possessory interest adverse to client unless specified conditions are met);  Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property);  Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects);  Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude);  Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation);  and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifi-

---

1.  On August 7, 2007. the Court placed respondent on interim suspension.  *In the Matter of Jordan,* 374 S.C. 350, 650 S.E.2d 68 (2007).

cally Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of crime or moral turpitude or serious crime), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice, bring courts or legal profession into disrepute, or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law. Further, before he may file a Petition for Reinstatement, respondent must make restitution to all clients, banks, the Lawyers' Fund for Client Protection, and any other entities which have been harmed as a result of his misconduct in connection with this matter. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.